IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONALD LAMAR MAY, # 320882** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 21-0491-CG-MU |
| **HEATH JACKSON,** *et al.,* | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff Donald Lamar May, an Alabama prison inmate proceeding *pro se* and *in forma pauperis,* filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review of the complaint (Doc. 1) and amended complaints (Docs. 6, 7), it is recommended that this action be dismissed without prejudice, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### I. Screening a Complaint for Maliciousness.

Because Plaintiff is proceeding *in forma pauperis* (Doc. 5), the Court is required to screen his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). This section requires the dismissal of a prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under 28 U.S.C. § 1915(g) an action that was dismissed for abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *see also, e.g., Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming the dismissal without prejudice of an action as malicious where the prisoner responded "yes" to the complaint form's question about filing a prior lawsuit over his imprisonment, signed the complaint under penalty of perjury, and listed one lawsuit but did not list his other two lawsuits)[1]; *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (affirming the finding that the action was malicious because the plaintiff abused the judicial process when he failed to disclose the existence of two prior federal actions in his complaint signed under penalty of perjury); *Sears v. Haas,* 509 F. App'x 935, 935–36 (11th Cir. 2013) (finding an action's dismissal without prejudice as malicious for abuse of the judicial process was warranted where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months before and another case filed six years earlier); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 131-32 (11th Cir. 2012) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

when under penalty of perjury he avowed on the complaint form that he had no actions dismissed prior to service process even though he had one), *cert. denied*, 569 U.S. 960 (2013); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (affirming the dismissal without prejudice of the inmate's action that was found to be abusive when he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment as required by the complaint form); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for abuse of the judicial process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because he had filed four actions); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (relying on *Rivera*, the Eleventh Circuit affirmed the determination of an abuse of the judicial process and the issuance of a strike when the prisoner had listed only two prior cases on his complaint under penalty of perjury even though he had filed two other federal cases within the preceding month), *cert. denied*, 562 U.S. 1013 (2010).

Before a court dismisses an action without prejudice as malicious, the court considers whether the action may be re-filed. *Schmidt*, 576 F. App'x at 899. When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice, which precludes the plaintiff from re-filing his action, and the court should then consider lesser sanctions. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015). In Alabama, the statute of limitations for filing a § 1983 action is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917

(1992); ALA. CODE § 6-2-38(I).

## II. Analysis.

In the present action, Plaintiff responded with "no" to the complaint form's questions if he had filed other lawsuits in state or federal court dealing with same or similar facts and if he had filed other lawsuits in state or federal court relating to his imprisonment. (Doc. 1 at 3, PageID.3). Plaintiff then signed his complaint under penalty of perjury. (*Id.* at 8, PageID.8).

The Court, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B), discovered in its examination of PACER (Public Access to Court Electronic Records)[2] that previously Plaintiff filed two actions concerning his imprisonment, namely, *May v. Haines, et al.*, 3:16cv296-LC/EMT (N.D. Fla. 2016) (dismissed prior to service for failure to comply with Court's order), and *May v. Haines, et al.,* CA 3:17-cv-00049-LC-EMT (N.D. Fla. 2017) (dismissed as malicious for failure to disclose prior cases that he was required to disclose and then signed his complaint under penalty of perjury).[3] Moreover, after discovering and reviewing these prior actions, the Court finds that Plaintiff was required to provide information about them on the complaint form but did not. (Doc. 1 at 3, PageID.3). Thus, the undersigned concludes that when Plaintiff filed the original complaint, he knowingly chose not to list his prior actions, particularly since he had a prior action dismissed as malicious for failing to list his prior lawsuits, CA 3:17-cv-00049-LC-EMT (N.D. Fla. 2017), *infra*, and then he signed the original complaint

---

[2] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*. *Grandinetti v. Clinton*, 2007 WL 1624817, at *1 (M.D. Ala. 2007).

[3] *May v. Insurance Co.*, 3:16-cv-00372-LC-EMT (N.D. Fla. 2016), is another action Plaintiff filed while a prisoner but, as best the Court can discern, it does not relate to his imprisonment.

under penalty of perjury.  (*Id.* at 8, PageID.8).

The information requested by the Court on the complaint form about a prisoner plaintiff's prior actions assists in determining if the prisoner is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), if the action is connected to another action, and if the plaintiff is familiar with litigating his claims.  *Doctor v. Nichols*, 2015 WL 5546397, at *3 (N.D. Fla. 2015) (unpublished).  When this information is not provided by the prisoner, the Court is deprived of this knowledge to assist it in handling the prisoner's action, which causes the Court to expend more resources and time.  (*Id.*).

Furthermore, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed "pleading, written motion, or other paper . . . to the best of [his] knowledge, information and belief, formed after an inquiry . . . is not being presented for any improper purpose . . . and the factual contentions have evidentiary support. . . ."  FED.R.CIV.P. 11(a) & (b)(1) & (2).  The purpose of Rule 11 is to impress on the signer his personal responsibility for validating "the truth and legal reasonableness of the document" he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings.  *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 543, 547, 111 S.Ct. 922, 929, 931, 112 L.Ed.2d 1140 (1991).

Because Plaintiff was not truthful in his original complaint about his prior litigation, his action is subject to being dismissed as malicious for abusing the judicial process.  The only reason the undersigned would not recommend this action's dismissal without prejudice is if the present action could not be re-filed because the two-year statute of limitations for § 1983 actions filed in Alabama has expired.  *Schmidt*, 576 F.

5

App'x at 899.

To determine if the statute of limitations has expired, the undersigned reviewed the original complaint and the two subsequently filed, self-styled amended complaints to ascertain when the complained of incident occurred.  The original complaint contained a mixture of claims concerning his criminal proceedings and being assaulted (Doc. 1 at 5-6, PageID.5-6), but specifying that the complained of incident occurred on July 8, 2020 at the Escambia County Jail.[4]  (*Id.* at 4, PageID.4).  Additionally, the first amended complaint alleges simply that he was assaulted with no date being provided.  (Doc. 6 at 1-2, PageID.24-25).  And the second amended complaint focuses on January 31, 2021 and February 1, 2021 as the dates when Plaintiff was assaulted at the Escambia County Jail, while he was awaiting trial, which caused him to be immediately sent to prison. (Doc. 10 at 1-2, PageID.31-32).  With each successive complaint, Plaintiff's pleading has become clearer, more detailed, and more focused so it is apparent that the is complaining about being assaulted in this action.  *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (matters in the original complaint are considered abandoned once an amended complaint is filed).

The original complaint and second amended complaint contain dates of July 7, 2020 and January 31, 2021/ February 1, 2021, respectively.  Thus, Plaintiff could re-file his claims before the two-year statute of limitations would bar their refiling if he elected to refile.  Because the claims in this action can be re-filed, this action is due to be

---

[4] Rule 20(a), Federal Rules of Civil Procedure, requires that a complaint contain only claims "arising out of the same transaction, occurrence, or series of transactions or occurrences" and involving a "question of law or fact common to all defendants[.]"  FED.R.CIV.P. 20(a)(2).  Plaintiff's original complaint does not comply with Rule 20 because it contains claims concerning his criminal proceedings in addition to claims arising from his incarceration at the jail.

6

dismissed without prejudice as malicious.

### III. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is malicious.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate

Judge is not specific.

**DONE and ORDERED** this 14th day of April, 2022.

                                               /s/ **P. BRADLEY MURRAY**
                                              **UNITED STATES MAGISTRATE JUDGE**